NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000449
23-NOV-2016
08:07 AM**

NO. CAAP-15-0000449

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CHRISTINA DOO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-15-01061)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Christina Doo (**Doo**) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on May 22, 2015 in the District Court of the First Circuit[1] (**district court**).  Doo was convicted of operating a vehicle under the influence of an intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1)/(b)(1) (Supp. 2015).[2]

---

[1]    The Honorable David W. Lo presided.

[2]    HRS § 291E-61 provides, in relevant part:

§ 291E-61 **Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(continued...)

On appeal, Doo argues that:

(1) the charge against her was deficient because it did not include the definition of "alcohol";

(2) she was not informed of her right to testify, as articulated in Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995);

(3) the district court abused its discretion in denying her oral motion to continue to obtain additional discovery;

(4) Plaintiff-Appellee State of Hawai'i (**State**) presented insufficient evidence to support Doo's conviction

---

[2](...continued)

. . . .

(b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:

(1) For the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):

(A) A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;

(B) One-year revocation of license and privilege to operate a vehicle during the revocation period and installation during the revocation period of an ignition interlock device on any vehicle operated by the person;

(C) Any one or more of the following:

(i) Seventy-two hours of community service work;

(ii) Not less than forty-eight hours and not more than five days of imprisonment; or

(iii) A fine of not less than $150 but not more than $1,000;

(D) A surcharge of $25 to be deposited into the neurotrauma special fund; and

(E) A surcharge, if the court so orders, of up to $25 to be deposited into the trauma system special fund[.]

because Honolulu Police Department (**HPD**) Officer Alan Lu (**Officer Lu**) lacked a present recollection of her performance on the standardized field sobriety test (**SFST**); and

(5) there was insufficient evidence to support Doo's conviction because the State failed to establish the relationship between her performance on the SFST and whether she was "under the influence of alcohol in the amount sufficient to impair her normal mental faculties or ability to care for herself and guard against casualty."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Doo's points of error as follows:

(1) Doo argues that the OVUII charge was fatally defective because it did not include the statutory definition of "alcohol" and therefore, failed to provide Doo with notice of the nature and cause of the charges against her. Specifically, Doo contends that beer and wine do not meet the statutory definition of "alcohol" because they are not the products of distillation and therefore, "the charge should have defined that term to provide adequate notice to Doo that she could have only been convicted of OVUII if the State proved that she had driven under the influence of 'alcohol' as that term is specifically defined by HRS § 291E-1, and not other beverages which were not the products of distillation."

At the time the State filed its complaint against Doo, the term "alcohol" was defined as

> the product of distillation of any fermented liquid, regardless of whether rectified, whatever may be the origin thereof, and includes ethyl alcohol, lower aliphatic alcohol, and phenol as well as synthetic ethyl alcohol, but not denatured or other alcohol that is considered not potable under the customs laws of the United States.

HRS § 291E-1 (2007 Repl.) (emphasis added).

Reviewing a nearly identical argument to the one that Doo raises, this court has previously rejected the argument that a charge is deficient for failing to define "alcohol." See State

3

v. Tsujimura, 137 Hawai'i 117, 366 P.3d 173 (App. 2016). The plain language of HRS § 291E-1 defines "alcohol" to include "ethyl alcohol." See id. at 120, 366 P.3d at 176. Because ethyl alcohol is the intoxicating agent in beer and wine, Doo's claim that the definition is restricted to alcohol produced by distillation, and does not include beer or wine, is without merit. Id. Furthermore, because the statutory definition of "alcohol" is consistent with the common meaning of alcohol, "there was no need for the State to define the term 'alcohol' in [a] OVUII charge in order to give [a defendant] fair notice of the charge against him [or her.]" Id. at 121, 366 P.3d at 177. Therefore, Doo's challenge to the sufficiency of the charge against her is without merit.

(2) Doo argues that the district court's ultimate Tachibana colloquy was defective. The State agrees that the district court's ultimate Tachibana advisement was deficient and concedes that the district court's error was not harmless.

In Tachibana, the Hawai'i Supreme Court held that

> in order to protect the right to testify under the Hawai'i Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify.

Tachibana, 79 Hawai'i at 236, 900 P.2d at 1303 (footnote omitted). The supreme court noted that "the ideal time to conduct the colloquy is immediately prior to the close of the defendant's case." Id. at 237, 900 P.2d at 1304. The supreme court also stated that the trial court's colloquy must advise the defendant

> [(1)] that he or she has a right to testify, [(2)] that if he or she wants to testify that no one can prevent him or her from doing so, . . . [(3)] that if he or she testifies the prosecution will be allowed to cross-examine him or her[, and (4)] that he or she has a right not to testify and that if he or she does not testify then the jury can be instructed about that right.

Id. at 236 n.7, 900 P.2d at 1303 n.7 (brackets in original omitted); see State v. Pomroy, 132 Hawai'i 85, 91, 319 P.3d 1093, 1099 (2014) (summarizing the requirements of the Tachibana colloquy).

4

Here, the following colloquy occurred:

> THE COURT: All right, Ms. Doo, as I said at the outset you have the right to remain silent. If you remain silent I will not hold that against you. And if you testify, the prosecutor has the opportunity to cross examine you; you understand?
>
> [DOO]: I understand.
>
> THE COURT: Have you made a decision to remain silent or to take the stand?
>
> [DOO]: I remain silent.
>
> THE COURT: That is your decision?
>
> [DOO]: That is my decision.

The district court's ultimate colloquy did not advise that Doo had the right to testify and that no one could prevent her from doing so. See Tachibana, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7. Furthermore, district court's statement that Doo "ha[d] the right to remain silent" was insufficient to satisfy the requirement that Doo be advised that she had the right not to testify. See State v. Chong Hung Han, 130 Hawai'i 83, 93 n.8, 306 P.3d 128, 138 n.8 (2013) (emphasizing that the trial court "should advise a defendant that he or she has the right not to testify" because "a defendant could be confused if a court states simply 'you have the right to remain silent' without using the accompanying phrase, 'you have the right not to testify'" (emphasis in original)). Given the errors in the district court's ultimate Tachibana colloquy, the district court failed to elicit from Doo an on-the-record waiver of her right to testify.

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307. "It is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case." Pomroy, 132 Hawai'i at 94, 319 P.3d at 1102 (brackets omitted) (quoting

State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000)).

The State concedes in its answering brief that it "cannot make a good faith argument that the district court's error was harmless beyond a reasonable doubt because the record indicates that Doo told the [police] officers she was on her speaker phone when she drove over the cones, she was taking Valium, and being treated for anxiety." The State posits that "[s]uch testimony by Doo may have created reasonable doubt as to whether she was 'under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty.'" (Brackets in original omitted.) We agree with the State's position.

Because the district court's violation of Doo's constitutional right to testify was not harmless beyond a reasonable doubt, Doo's conviction must be vacated and remanded for a new trial.[3] See Han, 130 Hawai'i at 95, 306 P.3d at 140 (vacating and remanding the case where "the [trial] court's error in failing to obtain [a] knowing, intelligent, and voluntary waiver of Petitioner's right to testify was not harmless").

(3) Doo challenges the sufficiency of the evidence adduced to support her conviction because Officer Lu lacked a present recollection of Doo's performance on the SFST and because

---

[3]     Doo also challenges the district court's prior-to-trial Tachibana colloquy. Because we hold that Doo did not intelligently, knowingly, and voluntarily waive her right to testify following the district court's ultimate Tachibana colloquy, we need not address Doo's challenges to the district court's prior-to-trial Tachibana colloquy. See Pomroy, 132 Hawai'i at 92, 319 P.3d at 1100; see generally State v. Lewis, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000) (holding that trial courts, "prior to the start of trial, shall (1) inform the defendant of his or her personal right to testify or not to testify and (2) alert the defendant that, if he or she has not testified by the end of the trial, the court will briefly question him or her to ensure that the decision not to testify is the defendant's own decision" (brackets omitted) (quoting Tachibana, 79 Hawai'i at 237 n.9, 900 P.2d at 1304 n.9)).

Furthermore, because we hold that Doo's conviction is vacated and remanded for a new trial, we need not address Doo's point of appeal challenging the denial of her oral motion to continue to obtain additional discovery.

the State failed to lay a proper foundation for Officer Lu to testify about Doo's SFST performance.[4]

"[Hawai'i Rules of Evidence (**HRE**)] Rule 612 [(1993)] provides that a witness may use a writing to refresh his memory for the purpose of testifying." State v. Espiritu, 117 Hawai'i 127, 137, 176 P.3d 885, 895 (2008). "[W]hen a writing is used to refresh a witness's recollection, the witness should testify from 'a memory thus revived,' resulting in testimony from present recollection, not a memory of the writing itself." State v. Dibenedetto, 80 Hawai'i 138, 144, 906 P.2d 624, 630 (App. 1995). "If the writing does not refresh the witness's memory, the witness may not testify regarding the contents of the writing unless the writing is itself admitted into evidence." Espiritu, 117 Hawai'i at 137, 176 P.3d at 895 (citing Dibenedetto, 80 Hawai'i at 144, 906 P.2d at 630). "Thus, where a witness never perceived the matters described or where the writing does not reawaken recollection of past perception, [HRE] Rule 612 does not permit a witness to simply read into evidence the contents of the writing." Espiritu, 117 Hawai'i at 137, 176 P.3d at 895 (quoting State v. Ferrer, 95 Hawai'i 409, 432, 23 P.3d 744, 767 (App. 2001)).

Here, Officer Lu testified that he could not recall any physical observations he had about Doo other than her slurred speech and her breath that smelled like alcohol. Officer Lu indicated that looking at his police report would help to refresh his recollection about his observations of Doo. After reviewing his report, Officer Lu indicated that his recollection was refreshed and he continued to testify. Officer Lu testified that, in addition to his observations about Doo's speech and breath, he also observed that Doo's "eyes appeared glassy and her movements were slow." Based on the circumstances of this case

---

[4]     The Hawai'i Supreme Court has previously maintained that "challenges to the sufficiency of the evidence must always be decided on appeal because the double jeopardy clause bars retrial of a defendant once a reviewing court has found the evidence at trial to be legally insufficient to support a conviction." State v. Davis, 133 Hawai'i 102, 118, 324 P.3d 912, 928 (2014) (internal citation omitted).

and given that Officer Lu testified that his recollection was refreshed after reviewing his report, it was proper for Officer Lu's observations about Doo to come in under HRE Rule 612's "past recollection refreshed" exception. But see Dibenedetto, 80 Hawai'i at 145, 906 P.2d at 631 (holding that a police officer's testimony relating to defendant's field sobriety test should have been stricken where, after the police officer reviewed a police report to refresh his recollection, the State failed to elicit testimony from the police officer that his recollection about the test was in fact refreshed).[5]

Next, Doo argues that the district court erred in relying on Officer Lu's testimony about the results of Doo's SFST performance because "[Doo] did not stipulate that Officer Lu was qualified to grade the results of the SFST and opine whether Doo had passed or failed[.]" Specifically, Doo contends that Officer Lu's statement, "If . . . I determine that the person failed the [SFST] it's an indicator that the person is under the influence of an intoxicant and is unable to drive a vehicle -- operate a vehicle safely[,]" was inadmissible. However, Officer Lu's statement did not offer an opinion specific to whether Doo passed or failed the SFST, as Doo suggests on appeal. Therefore, Doo's argument is without merit.

Even without considering Officer Lu's challenged statement, we conclude that the State produced sufficient evidence to support Doo's OVUII conviction. It is well established that

> evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the

---

[5] To the extent that Doo's opening brief may be interpreted as challenging the State's second attempt to refresh Officer Lu's recollection, we hold that Doo's argument is without merit. A review of the record indicates that the district court sustained Doo's objection to the State's second attempt to refresh Officer Lu's recollection. Therefore, Officer Lu testified about Doo's SFST performance without having his memory refreshed.

> weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> > "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996) (brackets omitted) (quoting State v. Pone, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995)).

The State adduced evidence that, as the HPD police officers set up a sobriety check point, Doo ran over the police officers' cones and activated flares causing the police officers to yell for her to stop. Officer Lu testified that Doo then continued to drive toward him and he had to "get out of the way" because he felt that she was "going to hit [him] with the truck" if he did not move. The evidence adduced at Doo's bench trial showed that when Doo was pulled over, her breath smelled strongly of alcohol; her voice was slurred; her eyes were red, glassy, and watery; and her movements were slow.

Moreover, Officer Lu testified that when he administered the SFST to Doo, she did not perform the heel to toe portion of the test as instructed, raised her arms from the side of her body, and did not turn the way she was instructed to turn. Also, during the one-leg-stand portion of the test, Officer Lu testified that Doo swayed, raised her arms, and put her foot down.[6]

Based on the evidence adduced at trial, the State adduced substantial evidence to support Doo's conviction for OVUII under HRS § 291E-61(a)(1). See e.g., State v. Gatson, 108 Hawai'i 308, 310-11, 119 P.3d 616, 618-19 (App. 2005) (holding that there was sufficient evidence to support defendant's HRS § 291E-61(a)(1) conviction where the State adduced evidence that

---

[6] We note that, on appeal, Doo concedes that "Officer Lu was . . . free to offer his direct observations as to Doo's performance on the SFST."

9

the defendant did not perform the SFST as instructed and had a flushed face, "a little bit red" eyes, breath that smelled of an alcoholic beverage, and unsteady balance).

Therefore,

IT IS HEREBY ORDERED that the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on May 22, 2015 in the District Court of the First Circuit is vacated and remanded for a new trial consistent with this disposition.

DATED: Honolulu, Hawai'i, November 23, 2016.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

10